[Cite as *State v. Black*, 2012-Ohio-2874.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 2011 CA 00175 |
| KIM BLACK | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
Pleas, Case No.  2010 CR 01902


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     June 25, 2012


APPEARANCES:

For Plaintiff-Appellee

JOHN D. FERRERO
PROSECUTING ATTORNEY
RENEE M. WATSON
ASSISTANT PROSECUTOR
110 Central Plaza South, Suite 510
Canton, Ohio  44702-1413

For Defendant-Appellant

KRISTINE W. BEARD
4450 Belden Village Street, NW
Suite 703
Canton, Ohio  44718

*Wise, J.*

{¶1} Appellant Kim Black appeals his conviction, in the Stark County Court of Common Pleas, for aggravated assault. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2} On November 22, 2010, appellant invited Donald Jones, Jay Miller, and Christopher Hollis to his residence on East High Street in Alliance, Ohio, to hang out and drink in the basement. After a couple of hours had passed, Mike Linder arrived, having been invited by Donald Jones, a distant cousin. Tr. at 113. Soon, "everyone was intoxicated," and Linder joined in the drinking. Tr. at 124, 144. Later, when appellant received a telephone call and went upstairs, Linder took it upon himself to go into appellant's liquor cabinet without permission. When appellant came back to the basement, he decided to end the party and asked everyone to leave. According to Christopher Hollis, appellant "wasn't really mad" when he ended the party. Tr. at 146.

{¶3} As the men exited the house, Jones, Miller, and Linder started toward Miller's SUV parked across the street. Hollis stayed behind to talk to appellant, who stood on his property in front of the house.[1] Linder suddenly turned around and began verbally insulting appellant, using several homosexual slurs. Linder then came back across the street onto the property and suddenly punched appellant in the face. As Miller sought to restrain Linder, appellant walked over to his truck, which was parked in an alley next to the house. Appellant grabbed a tire iron from the truck and went back to the sidewalk in front of the house.

---

[1] Appellant's house is very close to the road. According to Hollis, one "could step right into the street off his porch." Tr. at 148.

{¶4} Linder looked over at appellant and told him he would make him "eat that pipe." Tr. at 151. Linder broke free of Miller and charged at appellant. Linder's subsequent tackle knocked appellant on his back, while Linder fell forward, off to the side. Appellant then jumped back up and, as Linder was trying to get up, he struck Linder in the face with the tire iron.

{¶5} Linder was taken to Alliance Community Hospital. As a result of the fight, Linder suffered a detached retina and damage to his optic nerve, as well as other facial injuries.

{¶6} On January 24, 2011, the Stark County Grand Jury indicted appellant on one count of felonious assault, R.C. 2903.11(A)(1).

{¶7} The case proceeded to a jury trial on July 12 and 13, 2011. The State called three witnesses: Linder, Hollis, and Alliance Police Officer Anthony Palozzi. No defense witnesses were called. After hearing the evidence, the jury found appellant not guilty of felonious assault, but guilty to the inferior offense of aggravated assault (R.C. 2903.12). Via a judgment entry filed on July 20, 2011, appellant was sentenced to a prison term of eighteen months.

{¶8} Appellant filed a notice of appeal on August 5, 2011. He herein raises the following three Assignments of Error:

{¶9} "I. APPELLANT'S CONVICTION FOR AGGRAVATED ASSAULT IS AGAINST THE SUFFICIENCY AND MANIFEST WEIGHT OF THE EVIDENCE WHERE APPELLANT PROVED BY A PREPONDERANCE OF THE EVIDENCE THE ELEMENTS OF THE AFFIRMATIVE DEFENSE OF SELF-DEFENSE.

**{¶10}** "II. THE TRIAL COURT COMMITTED PLAIN ERROR IN FAILING TO GIVE AN INSTRUCTIONS (SIC) ON THE DEFINITION OF PERPONDERANCE (SIC) OF THE EVIDENCE AND DUTY TO RETREAT AND IN FAILING TO INCLUDE A SEPARATE FINDING OF SELF-DEFENSE ON THE VERDICT FORM; AND, COUNSEL WAS INEFFECTIVE FOR IN (SIC) FAILING TO REQUEST A SPECIFIC INSTRUCTION ON THE DEFINITION OF PERPONDERANCE (SIC) OF THE EVIDENCE AND THE DUTY TO RETREAT AND FAILING TO REQUEST A SEPARATE SELF-DEFENSE FINDING ON THE VERDICT FORM.

**{¶11}** "III. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GIVE THE JURY AN INSTRUCTION ON THE OFFENSE OF ASSAULT."

I.

**{¶12}** In his First Assignment of Error, appellant contends his conviction for aggravated assault was against the sufficiency and manifest weight of the evidence. We disagree.

**{¶13}** As an initial matter, in regard to appellant's "sufficiency of the evidence" argument as to self-defense, we note the Ohio Supreme Court has recognized: "[T]he due process 'sufficient evidence' guarantee does not implicate affirmative defenses, because proof supportive of an affirmative defense cannot detract from proof beyond a reasonable doubt that the accused had committed the requisite elements of the crime." *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 37, citing *Caldwell v. Russell* (C.A.6, 1999), 181 F.3d 731, 740, abrogated on other grounds(internal quotations omitted). In light of *Hancock*, we are restrained from addressing appellant's "sufficiency" argument and will instead focus on his "manifest weight" claim.

**{¶14}** Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.  See also, *State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175, 485 N.E.2d 717.

**{¶15}** Ohio's aggravated assault statute, R.C. 2903.12, states in pertinent part as follows:

**{¶16}** "(A) No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:

**{¶17}** "(1) Cause serious physical harm to another or to another's unborn;

**{¶18}** "(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code."

### *Self-Defense*

**{¶19}** Appellant first maintains that the manifest evidence at trial established that he lawfully engaged in self-defense during the events of November 22, 2010. To establish the legal defense of self-defense, the following elements must be shown: (1)

The defendant was not at fault in creating the situation giving rise to the affray; (2) the defendant has a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) the defendant must not have violated any duty to retreat or avoid the danger. *State v. Jones*, Stark App.Nos.2007–CA–00041, 2007–CA–00077, 2008–Ohio–1068, ¶ 32, citing *State v. Robbins* (1979), 58 Ohio St.2d 74, 388 N.E.2d 755, paragraph two of the syllabus. If the defendant fails to prove any one of these elements by a preponderance of the evidence, then the defendant has failed to demonstrate that he acted in self-defense. *State v. Cassano* (1996), 96 Ohio St.3d 94, 107.

{¶20} Upon review, we find the jurors could properly conclude that the evidence did not support, by a preponderance of the evidence, that appellant had no alternative means of escape. Appellant could have returned to his house and contacted police; instead, he escalated the situation by walking to his truck and grabbing a tire iron to use as a weapon. Although appellant places a great deal of emphasis on the facts that Linder is 6'3" – 245 lbs., while appellant is 5'8" – 190 lbs. (see Tr. at 123, 192), the testimony reveals that appellant got up after being tackled and struck Linder with the metal weapon while Linder was trying to get on his feet. The jurors, as the firsthand triers of fact, were patently in the best position to gauge the truth. Upon review, we find the jury did not clearly lose its way and create a manifest miscarriage of justice requiring that appellant's conviction be reversed and a new trial ordered.

## *Castle Doctrine*

{¶21} Appellant secondly proposes that the evidence at trial established that he lawfully engaged in self-defense under the Castle Doctrine pursuant to S.B. 184. The

Castle Doctrine is presently codified in part under R.C. 2901.05(B), which states in pertinent part as follows:

{¶22} "(B)(1) Subject to division (B)(2) of this section, a person is presumed to have acted in self defense or defense of another when using defensive force that is intended or likely to cause death or great bodily harm to another if the person against whom the defensive force is used is in the process of unlawfully and without privilege to do so entering, or has unlawfully and without privilege to do so entered, the residence or vehicle occupied by the person using the defensive force.

{¶23} " * * *.

{¶24} "(B)(3) The presumption set forth in division (B)(1) of this section is a rebuttable presumption and may be rebutted by a preponderance of the evidence."

{¶25} In *State v. Johnson*, Cuyahoga App.No. 92310, 2010–Ohio–145, the court summarized as follows: "Under the Castle Doctrine, a person is presumed to have acted in self-defense when attempting to expel or expelling another from their home who is unlawfully present. Further, under the Castle Doctrine, a person attempting to expel or expelling another is allowed to use deadly force or force great enough to cause serious bodily harm." *Id.* at ¶ 18. There is also no duty to retreat when inside one's home. *Id.*

{¶26} In the case sub judice, the altercation in question did not take place inside appellant's home, nor did it involve appellant attempting to expel Linder from his home. Furthermore, although appellant's truck was near the scene and supplied the tire iron used in the assault, appellant was not seeking to defend himself against someone entering into said vehicle. Upon review, we hold the Castle Doctrine would not have

applied under the facts and circumstances presented to the jury in the case sub judice, as appellant was not inside of or trying to expel an unlawful intruder from his residence or occupied vehicle when the assault actions took place.

**{¶27}** Appellant's First Assignment of Error is therefore overruled.

II.

**{¶28}** In his Second Assignment of Error, appellant argues that the trial court erred in declining to give the jury an instruction concerning the issues of preponderance of the evidence and duty to retreat and in failing to include a self-defense finding on the verdict form, and that trial counsel was ineffective for failing to request same. We disagree on all counts.

*Standards of Review*

**{¶29}** Appellant herein concedes his defense counsel did not object to the pertinent jury instructions regarding self-defense or to the verdict forms. However, under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." In *State v. Cooperrider* (1983), 4 Ohio St.3d 226, 448 N.E.2d 452, the Ohio Supreme Court discussed the application of the plain error doctrine in the context of an allegedly erroneous jury instruction. The Court stated: " * * * [A]n erroneous jury instruction 'does not constitute a plain error or defect under Crim.R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise.' *State v. Long* (1978), 53 Ohio St.2d 91, 97, 372 N.E.2d 804. Additionally, the plain error rule is to be applied with utmost caution and invoked only under exceptional circumstances, in order to prevent a manifest miscarriage of justice." *Id.* at 227, 372 N.E.2d 804. Finally, "a single jury

instruction should not be judged in isolation but, instead, must be considered in the context of the overall charge." *State v. Schlee*, Lake App.No. 2004-L-070, 2005-Ohio-5117, ¶ 32 (additional citations omitted).

{¶30} In regard to ineffective assistance issues, our standard of review is set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.* Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie* (1998), 81 Ohio St.3d 673, 675, 693 N.E.2d 267. Generally, "[s]peculation is insufficient to demonstrate the required prejudice needed to succeed on a claim for ineffective assistance of counsel." *State v. Moon*, Cuyahoga App.No. 93673, 2010–Ohio–4483, ¶ 9, citing *State v. Hale,* 119 Ohio St.3d 118, 2008–Ohio–3426, 892 N.E.2d 864 (additional citations omitted). Furthermore, a reviewing court "need not determine whether counsel's performance was deficient before examining

the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley* at 143, 538 N.E.2d 373, quoting *Strickland* at 697.

<u>*Jury Instructions – Preponderance of the Evidence*</u>

**{¶31}** Appellant first challenges the trial court instructions as to "preponderance of the evidence" for purposes of appellant's defense of self-defense. Appellant directs us to the Ohio Jury Instructions, which state in pertinent part:

**{¶32}** " \*\*\* Preponderance of the evidence is the greater weight of the evidence; that is, evidence that you believe because it outweighs or overbalances in your minds the evidence opposed to it. \*\*\* A preponderance means evidence that is more probable, more persuasive, or of greater probative value. It is the quality of the evidence that must be weighed. Quality may or may not be identical with (quantity) (the greater number of witnesses). \*\*\* In determining whether or not an (issue) (affirmative defense) has been proved by a preponderance of the evidence, you should consider all the evidence bearing upon that (issue) (affirmative defense) regardless of who produced it. \*\*\* If the weight of the evidence is equally balanced or if you are unable to determine which side of an (issue) (affirmative defense) has the preponderance, then the defendant has not established such (issue) (affirmative defense). \*\*\*."

**{¶33}** 2 OJI-CR 417.29

**{¶34}** In the case sub judice, the trial court instructed the jury as follows in pertinent part:

**{¶35}** "The Defendant claims to have acted in self-defense. To establish that he was justified in using force not likely to cause death or great bodily harm, the Defendant must prove by the greater weight of the evidence that he was not at fault in

creating the situation giving rise to the altercation and he had reasonable grounds to believe and an honest belief, even if mistaken, that he was in immediate danger of death or great bodily harm and that his only reasonable means of retreat or escape from such danger was by the use of deadly force and he had not violated any duty of retreat or withdrawal to avoid the danger."

**{¶36}** Tr. at 264.

**{¶37}** In *State v. Riggs*, Licking App.No. 2010 CA 20, 2010-Ohio-5697, we recognized that strict compliance with the Ohio Jury Instructions is not mandatory; instead the instructions are "recommended instructions" to assist judges in charging the jury. Thus, deviation from the model instructions does not necessarily constitute error by the trial court. Id. at ¶ 53 (additional citations omitted).

**{¶38}** Upon review, we find the trial court sufficiently equipped the jury with a "preponderance of the evidence" legal standard for purposes of appellant's assertion of self-defense, and we find no plain error or ineffective assistance of trial counsel regarding this issue.

*Jury Instructions – Duty to Retreat*

**{¶39}** Appellant next focuses on the trial court's failure to instruct the jury on the definitional parameters of "duty to retreat," particularly the failure to emphasize that one does not have a duty to retreat from one's home, sometimes referred to as the *Peacock* Rule.[2]

**{¶40}** Appellant's argument herein presumes that the *Peacock* Rule extends to the front yard or sidewalk area of a defendant's home. However, the case of *State v.*

---

[2] See *State v. Peacock* (1883), 40 Ohio St. 333, 334.

*Morgan*, Shelby App.No. 17-97-22, 1998 WL 323480, is instructive on this issue. The Third District Court, addressing the issue of self-defense in a fatal shooting case, stated in pertinent part: "The facts in this case do not implicate [the *Peacock*] rule since Appellant was not 'in his home' at the time he used deadly force to slay [the victim] nor was Appellant's 'home itself attacked.' *** In this case, Appellant proceeded outside his house, down the porch steps, and across his front yard before shooting his victim. By all witness accounts, [the victim] was shot while standing on or immediately about the area of the public sidewalk outside Appellant's home. These facts demonstrate that Appellant was not 'in his home' nor was his home under attack when he shot [the victim]. Consequently, an instruction regarding the "no duty to retreat" rule was not warranted. We find no error in trial counsel's failure to object to the jury instructions provided in this case." *Id. See, also, State v. McDowell*, Franklin App.No. 10-AP-509, 2011-Ohio-6815, ¶ 39, (finding no applicability of the "no duty to retreat" rule where the evidence demonstrated a shooting had occurred, at best, in the defendant's front yard).

**{¶41}** Accordingly, we find no plain error or ineffective assistance of trial counsel under the facts and circumstances of the case sub judice for want of further instructions to the jury on the issue of appellant's duty or non-duty to retreat.

### *Verdict Forms*

**{¶42}** Appellant lastly contends that the jury should have been provided with a separate verdict form for the defense of self-defense, and that defense counsel was ineffective in not requesting such a form. Appellant provides no authority in support of his argument. However, in *State v. Reeds*, Lake App.No. 2007-L-120, 2008-Ohio-1781, ¶ 62, the Eleventh District Court of Appeals, while conceding "it may be argued that

inclusion of a separate finding relating to self-defense would ensure clarity", nevertheless declined to find plain error where such a verdict form was not given to the jury. We herein apply the rationale of *Reeds* and find no plain error or ineffective assistance of trial counsel in this regard.

**{¶43}** Appellant's Second Assignment of Error is overruled.

III.

**{¶44}** In his Third Assignment of Error, appellant contends the trial court erred in declining to give the jury an instruction on the lesser offense of misdemeanor assault, and that trial counsel was ineffective for failing to adequately request or renew a request for same. We disagree.

**{¶45}** A party is not entitled to an instruction on a lesser included offense unless the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense. *See State v. Anderson,* Butler App. No. CA 2005-06-156, 2006-Ohio-2714, ¶ 10. In making this determination, the court must view the evidence in the light most favorable to a defendant. *Id.* But an instruction on a lesser included offense is not warranted every time "some evidence" is presented to support the inferior offense. *See State v. Shane* (1992), 63 Ohio St.3d 630, 590 N.E.2d 272. There must be "sufficient evidence" to "allow a jury to *reasonably* reject the greater offense and find the defendant guilty on a lesser included (or inferior degree) offense." (Emphasis sic.) *Id.* at 632-633, 590 N.E.2d 272.

**{¶46}** The key factor of misdemeanor assault under R.C. 2903.13(A) is the element of causing "physical harm" as opposed to "serious physical harm." R.C. 2901.01(A)(5) defines "serious physical harm to persons" to mean any of the following:

**{¶47}** "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;

**{¶48}** "(b) Any physical harm that carries a substantial risk of death;

**{¶49}** "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;

**{¶50}** "(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;

**{¶51}** "(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."

**{¶52}** In the case sub judice, the State presented Linder's testimony at trial in addition to his hospital records and photographs of his injuries. Linder was hospitalized for more than a week and will likely suffer permanent incapacity and disfigurement. We find the jurors would have properly found that Linder suffered "serious physical harm" rather than simply "physical harm" and that appellant striking Linder's face with a tire iron was the cause of that serious physical harm.

**{¶53}** We therefore find no error in the trial court's refusal to give a misdemeanor assault instruction and we further find no ineffective assistance of trial counsel for failing to renew the requested instruction after the final presentation of evidence.

**{¶54}** Appellant's Third Assignment of Error is overruled.

**{¶55}** For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., concurs.

Farmer, J., dissents.

_____

_____

_____

JUDGES

JWW/d 604

*Farmer, J., dissents*

{¶56} I respectfully dissent from the majority's opinion in Assignment of Error II relative to the trial court's failure to charge the jury on the definition of preponderance of the evidence as it relates to the defense of self-defense.

{¶57} When reading the jury instructions as a whole, the emphasis was on the heightened standard of "beyond a reasonable doubt." T. at 260-265. The instruction on self-defense only mentioned the "greater weight of the evidence" once and was devoid of any explanation as to the lessened burden vis-á-vis reasonable doubt. T. at 264.

{¶58} Even in the closing arguments to the jury, there was no mention of the differences between "beyond a reasonable doubt" and "preponderance of the evidence."

{¶59} Given the fact that the evidence was disputed as to appellant's reasoning for hitting the victim, I would find the failure to charge the jury on "preponderance of the evidence" rises to the level of plain error.

_____

HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                          :
                                       :
        Plaintiff-Appellee             :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
KIM BLACK                              :
                                       :
        Defendant-Appellant            :          Case No. 2011 CA 00175


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.

Costs assessed to appellant.


_____

_____

_____

                                JUDGES